IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RALPH and BARBARA COOK, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> EMPLOYERS MUTUAL CASUALTY COMPANY, *et al.*, <br><br> Defendants. | CV 20-55-BLG-SPW-TJC <br><br> **FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

This action was originally brought in the Montana Thirteenth Judicial District Court, Yellowstone County (DV-20-0366) on March 10, 2020, against Defendants S.D. Helgeson, Inc, d/b/a Stan Helgeson Homes; SRKM, Inc, d/b/a/ Helgeson Homes (collectively "Helgeson"); and Employers Mutual Casualty Company ("EMC"). (Doc. 5.) EMC timely removed the action to this Court on April 27, 2020, invoking diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441. (Doc. 1 at 2-3.)

Before the Court is Plaintiffs' Motion to Remand. (Doc. 9.) The matter is fully briefed and ripe for review. (Docs. 10, 11, & 12.) Having considered the parties' submissions, the Court recommends that Plaintiffs' motion be GRANTED,

1

and this matter be REMANDED to the Montana Thirteenth Judicial District Court for further proceedings.

## I.   Background

Plaintiffs are residents and citizens of Yellowstone County, Montana, who own homes constructed by Helgeson in two Yellowstone County subdivisions. (Doc. 5 at ¶ 3.)  Plaintiffs allege that they are suffering, or are at the risk of suffering, structural damages as a result of certain defects and/or structural issues associated with their homes.  (*Id.*; Doc. 11 at 2.)  The Helgeson companies are Montana corporations.  (Doc. 5 at ¶ 4.)

EMC provided commercial generally liability insurance policies ("Policies") to the Helgeson companies.  (*Id.* at ¶ 2; Doc. 11 at 2.)  Plaintiffs have presented claims against Helgeson, and EMC is providing a defense to Plaintiffs' claims under a reservation of rights.  (*Id.* at ¶¶ 6-7; Doc. 11 at 2-3.)  EMC maintains that the Policies exclude or limit coverage either because the claims arose outside of the coverage periods or under an earth movement exclusion.  (*Id.* at ¶ 11; Doc. 11 at 2-3.)

EMC initiated a separate action against Helgeson in this Court in November 2019, seeking a declaratory judgment that there is no insurance coverage under the Policies for claims asserted against Helgeson in state court by homeowners Stephen and Marilyn Kramer.  (See *Employers Mutual Casualty Co. v. S.D.*

*Helgeson, Inc. et al.*, Case No. CV-19-129-TJC (D. Mont. Nov. 15, 2019) ("*Helgeson* case"). (Docs. 5 at ¶ 10; 11 at 4.) The Kramers subsequently moved the Court to intervene as defendants in that case and EMC consented; the motion was granted. (See *Helgeson,* Case No. CV-19-129-TJC at Docs. 11, 18.) (Doc. 11 at 4.) Plaintiffs also sought EMC's consent to intervene, but EMC objected. (Docs. 5 at ¶ 10; 11 at 4; 12-1.)

Plaintiffs subsequently filed the instant action in the Montana Thirteenth Judicial District Court, Yellowstone County, also seeking declaratory relief to determine of the rights, status, and legal relations under the Policies pursuant to Montana's Uniform Declaratory Judgment Act, Mont. Code Ann. § 27-8-201. (Doc. 5 at ¶ 1.) Plaintiffs named both EMC and Helgeson as defendants. (Doc. 5.) EMC timely removed the action to this Court under 28 U.S.C. § 1441, alleging that Helgeson was fraudulently joined as a defendant, thereby allowing this Court to disregard them for the purposes of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.)

Plaintiffs now move the Court to remand the case back to the Montana State District Court. (Doc. 9.)

II. **Legal Standard**

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins.*

3

*Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction in actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Complete diversity of citizenship requires each of the plaintiffs to be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

But there is an exception to the complete diversity requirement where a defendant has been "fraudulently joined" to defeat diversity jurisdiction. Fraudulent joinder can be established "if a defendant shows that an individual joined in the action cannot be liable on any theory." *Grancare, LLC v. Thrower by and through Mills,* 889 F.3d 543, 548 (9th Cir. 2018) (internal quotations and citations omitted). "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Id.* (Emphasis in original) (internal quotations and citations omitted). *See also Staley v. BNSF Ry. Co.*, 2015 WL 860802, *3 (D. Mont. Feb. 27, 2015) ("Fraudulent joinder only occurs when 'a plaintiff has no possibility of bringing a cause of action against a resident defendant, and therefore has no reasonable grounds to believe he has such an action.'").

Because there is a "general presumption against fraudulent joinder," a defendant invoking the fraudulent joinder exception bears a "heavy burden." *Weeping Hollow Ave Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Indeed, the Ninth Circuit has recognized that "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

## III. Discussion

At issue is whether the Helgeson defendants were improperly and fraudulently joined in the instant case, as EMC alleged in its Notice of Removal. (*See* Doc. 1 at 3.) Plaintiffs argue that Helgeson was not fraudulently joined because the companies are a real party in interest and have a stake in the outcome of this case. (Doc. 10 at 5-6.)

EMC advances three reasons why Plaintiffs' joinder of Helgeson is fraudulent. EMC first argues that Plaintiffs did not file a motion to intervene in the Helgeson/Kramer action, and instead "calculatingly chose to file a competing lawsuit in Montana State Court." (Doc. 11 at 8.) EMC also acknowledges, however, that when Plaintiffs sought to intervene in that action, EMC objected. (*Id.* at 4.) Plaintiffs responded by filing a separate action in state court. (*Id.*) EMC

5

provides no authority for the proposition that Plaintiffs were procedurally required to seek intervention over EMC's objection, before proceeding in a separate action.

Second, EMC argues that Plaintiffs failed to make any claims against or seek any relief from Helgeson in this action. (*Id.* at 8.) The Court disagrees. Plaintiffs request declaratory relief pursuant to Mont. Code Ann. § 27-8-201, seeking a determination of the rights, status, and legal relations of all interested parties under the Policies. (Doc. 5 at ¶ 1.) Mont. Code Ann. § 27-8-301 provides, in pertinent part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration…." This provision effectuates the purpose of Montana's Uniform Declaratory Judgments Act, which is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Mont. Code Ann. § 27-8-101. The Montana Supreme Court noted in *St. Paul Fire & Marine Ins. Co. v. Cumiskey*, 665 P.2d 223, 227 (1983), that the reason parties need to be joined is to "terminate the controversy as to all parties" who have any interest that would be affected by the declaration. *See* Mont. Code Ann. § 27-8-301.

Here, Plaintiffs plainly state a claim under Mont. Code Ann. § 27-8-201, as they seek to have the rights of all interested parties – Plaintiffs, the insurer, and the insured – determined. Plaintiffs allege they presented claims against Helgeson related to defects in the homes, and that EMC provides coverage under the Policies

to Helgeson for those claims. (Doc. 5 at ¶¶ 2, 3, 6.) Plaintiffs also allege EMC is defending Helgeson in this and related matters under a reservation of rights. (*Id.* at ¶ 7.) Further, Plaintiffs allege that they believe "EMC has erroneously interpreted the EMC policies in place with Helgeson, misread the terms of the policies and broadly interpreted, to its individual benefit, language of limitation and exclusion" when it refused coverage or to indemnify Helgeson "in response to Plaintiffs' claims." (*Id.* at ¶¶ 7, 11.) Plaintiff's seek a declaratory judgment that "EMC is obligated to fully indemnify Helgeson for Plaintiff's claims…." (*Id.* at ¶ 12.) Thus, Plaintiffs' Complaint states a claim for declaratory relief in which Helgeson is an interested party who would be affected by the declaration. Helgeson is not only a proper party, it is a necessary party under Mont. Code Ann. § 27-8-301.

This case is similar in many respects to a recent District of Montana case, *Arnold v. Allianz Glob. Risks US Ins. Co.*, 2020 WL 1227510 (D. Mont. Mar. 12, 2020). In *Arnold*, two insured parties were similarly joined with an insurer in a state declaratory judgment action filed by a third-party to determine coverage limits for the third-party's injuries. *Id.* at *1. Like here, the insurer removed and alleged the insureds were fraudulently joined to defeat diversity, arguing that there were no rights or interests alleged in the complaint to adjudicate which involved the insureds. *Id.* The Court disagreed, finding the insureds "clearly have genuine interests and rights in the declaration of their insurance policy's limits." *Id.* at *2.

7

The Court pointed out that since the insureds' liability to the plaintiffs had not been determined, "[t]hey have an interest in the determination of [the insurer's] obligations under the policy because they may be personally liable for any excess amounts due to Plaintiffs." *Id.* at *2, 3.

The same is true here. Helgeson's liability to Plaintiffs has not been resolved, and Helgeson clearly has an interest in determining EMC's coverage obligations under the Policies for Plaintiffs' claims.

Finally, EMC argues that Montana's Uniform Declaratory Judgment Act does not require Helgeson be named a defendant; it only requires that parties of interest be made parties. (Doc. 11 at 9.) EMC maintains that Helgeson could have joined the action as a plaintiff, rather than as a defendant. Be that as it may, nothing in the Act requires Helgeson be named a co-plaintiff, and EMC advances no authority to support such a suggestion.

Accordingly, the Court finds that EMC has failed to satisfy its burden to establish fraudulent joinder.

**IV.     Complete Diversity**

Complete diversity of citizenship requires each of the plaintiffs to be a citizen of a different state than each of the defendants. 28 U.S.C. § 1332; *Morris*, 236 F.3d at 1067.

The Court finds that complete diversity is lacking.  Plaintiffs are residents and citizens of Montana.  (Docs. 5 at 2, ¶ 3.)  Plaintiffs allege – and EMC has failed to show otherwise – that the Helgeson defendants are Montana corporations and citizens of Montana.  (*Id.* at ¶ 4.)  Therefore, Plaintiffs and Helgeson are non-diverse parties and complete diversity does not exist.

## V.     Conclusion

In sum, the Court finds that EMC has failed to show that the Helgeson defendants were fraudulently joined and should be disregarded for the purposes of establishing this Court's jurisdiction.  Complete diversity does not exist.

Therefore, the Court RECOMMENDS that Plaintiffs' Motion to Remand be GRANTED and the matter be REMANDED to the Montana Thirteenth Judicial District Court.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

/ / /

IT IS FURTHER ORDERED that these findings and recommendations replace the previously issued findings and recommendations (Doc. 16.)

**IT IS ORDERED**

DATED this 5th day of November, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge